Rodriguez v City of New York (2018 NY Slip Op 03821)





Rodriguez v City of New York


2018 NY Slip Op 03821


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6741 21640/06

[*1]Jamie W. Rodriguez, etc., Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants, Kelly Pena, et al., Defendants.


Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for the City of New York, appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Richard C. Imbrogno of counsel), for Kinney Parking, Inc., Kinney Parking System Inc. and Kinney Parking of the Bronx, Inc., appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 23, 2016, which, to the extent appealed from as limited by the briefs, denied the motions of defendants City of New York and defendants Kinney Parking, Inc., Kinney Parking System, Inc. and Kinney Parking of the Bronx, Inc. (collectively Kinney) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
The decedent, who trespassed onto a Yankee Stadium parking lot in the off season together with other trespassers who similarly rode motorcycles, dirt bikes and all-terrain vehicles, suffered fatal injuries in a collision with an all-terrain vehicle operated by defendant Pena. The record shows that the nature of the trespass activity involved was commonplace for the parking lot in question, for at least two years, and that drag racing would sometimes be involved. Plaintiff alleged that the City (as lot owner) and Kinney (as lessee) were negligent for not repairing and/or securing the lot's perimeter fence, and in not employing proper security or supervision to keep trespassers off the premises.
Here, the subject property was physically conducive to the motorcycle activity taking place thereon, and was appropriate for public use in pursuing the activity as recreation (see General Obligations Law § 9-103). As such, the City is immune from liability for any ordinary negligence on its part that may have given rise to the cause of the decedent's accident, and plaintiff has not otherwise demonstrated that the City's challenged conduct was willful or malicious as might preclude the City's reliance on the defense afforded under General Obligations Law § 9-103 (see Bragg v Genesee County Agric. Socy., 84 NY2d 544 [1994]; Iannotti v Consolidated Rail Corp., 74 NY2d 39 [1989]; Fenton v Consolidated Edison Co. of N.Y., 165 AD2d 121 [1st Dept 1991], lv denied 78 NY2d 856 [1991]).
Furthermore, although Kinney has not relied upon General Obligation Law § 9-103 as a potential defense to the action against it, the statute's defense is available to lessees as well as property owners (§ 9-103[1][a]). Inasmuch as the issue appears on the face of the record, [*2]involves no new facts and could not have been avoided if it were timely raised (see Blainey v Metro N. Commuter R.R., 99 AD3d 588, 590 [1st Dept 2012], lv denied 21 NY3d 859 [2013]), dismissal of the action is warranted as against Kinney as well.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK